# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

**CINDY SHERI HOLIFIELD**

* Debtor(s)

Case Number: 18-01447
Chapter: **13**

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Debtors Amended Chapter 13 Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: November 7, 2018

SIGNED: _____

TITLE: __Secretary__

Rev. 04/19/07

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| CINDY SHERI HOLIFIELD | Chapter: 13 |
|---|---|
| | Case No.: 5-18-01447 |
| Debtor(s) | |

## NOTICE

The confirmation hearing on the 1st   Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 12/12/18          Time: 9:30 am

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 12/5/18          .

**For cases before the Hon. Robert N. Opel, II and Hon. John J. Thomas (indicated in the Case No. with the initials "JJT" or "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 11/7/18                    Filed by:    Tullio DeLuca

                                              381 N. 9th Avenue

                                              Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | CHAPTER 13 |
|---|---|
| IN RE:<br>CINDY SHERI HOLIFIELD<br>a/k/a Cindy S. Holifield<br>a/k/a Cindy Holifield<br>a/k/a Cindy Sheri Nesbeth<br>a/ka/ Cindy S. Nesbeth<br>a/k/a Cindy Nesbeth<br>a/k/a Cindy Sheri Holifield-Nesbeth<br><br>Debtor(s) | CASE NO. 5:18-01447<br><br>__ ORIGINAL PLAN<br>_x_ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)<br>__ Number of Motions to Avoid Liens<br>__ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * | Included | ☐ | Not Included |
|---|---|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ | Included | * | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ | Included | * | Not Included |
| | | | | | |

# YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1.  **PLAN FUNDING AND LENGTH OF PLAN.**

    A.  **Plan Payments From Future Income**

    1. To date, the Debtor paid $1,298.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $94,070.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2018 | 10/2018 | $1,298.00 | $0.00 | $1,298.00 | $1,298.00 |
| 11/2018 | 04/2023 | $1,718.00 | $0.00 | $1,718.00 | $92,772.00 |
| | | | | Total Payments: | $94,070.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:   ( ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

( X ) Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

 _X_ No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

 ___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20 __. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

 Non-exempt proceeds in personal injury claim.

2. **SECURED CLAIMS.**

 A. **Pre-Confirmation Distributions.** *Check one.*

 _X_ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

 ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

\_\_\_\_ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC Bank | 302 Addison Road Stroudsburg, PA 18360 | 8456 |
| GM Financial | 2013 Chevy Tahoe | 8701 |
|  |  |  |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.**

\_\_\_\_ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Bank | 302 Addison Road Stroudsburg, PA 18360 | $63,633.29 | None | $63,633.29 |
| GM Financial | 2013 Chevy Tahoe | $10,095.13 | None | $10,095.13 |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

    __X__    None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

    ____    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

E. **Secured claims for which §506 valuation is applicable.** Check one.

__X__  None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

___Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

F. **Surrender of Collateral.** Check one.

__X__  None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

___  The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

G. **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax

liens. Check one.

    _X_    None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

    ____    The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| The name of the holder of lien. | | |
|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property | | |
| The sum of senior liens | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien voided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's Fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the

Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

    __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

    ____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **<u>Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).</u>** Check one of the following two lines.

    ___ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

    __X__ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | **$5,771.20** |
| **PA Dept. of Revenue** | **$3,710.03** |

C. **<u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).</u>** Check one of the following two lines.

    __X__ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

    ____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C.

Case 5:18-bk-01447-RNO    Doc 32    Filed 11/08/18    Entered 11/08/18 19:41:59    Desc
Main Document    Page 10 of 16

§ 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   ____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

   ___ plan confirmation.
   ___ entry of discharge.
   _X_ closing of case.

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _Adequate Protection Payments_
Level 2: _Debtor's Attorney Fees_
Level 3: _Domestic Support Obligations_
Level 4: _Secured Claims, Pro Rata_
Level 5: _Priority Claims, pro rata_
Level 6: _Specially classified unsecured claims_
Level 7: _Timely filed general unsecured claims_
Level 8: _Untimely filed general unsecured claims to which Debtor has not objected_

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.

Level 7:      Timely filed general unsecured claims.
Level 8:      Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

| | |
|---|---|
| **Chapter 13 Trustee** | $ 7,860.35(est.) |
| **Tullio DeLuca, Esq.,** | $ 3,000.00 |
| **PNC Bank** | $ 63,633.29 (arrears) |
| **GM Financial** | $ 10,095.13 (arrears) |
| **Internal Revenue Service** | $ 5,771.20 (priority claim) |
| **PA Dept. of Revenue** | $ 3,710.03(priority claim) |
| **Total:** | $94,070.00 |

**The Chapter 13 Trustee payment shall be made to the following address:**

   CHARLES J. DEHART, III, ESQ.
   P.O. BOX 7005
   LANCASTER, PA 17604

Dated:  November 5, 2018            /s/Tullio DeLuca
                                    Attorney for Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

```
Label Matrix for local noticing          AES                                    (p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN
0314-5                                   P.O. Box 2461                          PO BOX 183853
Case 5:18-bk-01447-RNO                   Harrisburg, PA 17105-2461              ARLINGTON TX 76096-3853
Middle District of Pennsylvania
Wilkes-Barre
Wed Nov  7 13:01:45 EST 2018

Americredit Financial Services, Inc. dba GM   Americredit Financial Services, Inc.Dba GM F   Apex Asset Management
PO Box 183853                            P.O Box 183853                         1286 Carmichael Way
Arlington, TX 76096-3853                 Arlington, TX 76096-3853               Montgomery, AL 36106-3645


Capital One                              Cindy Sheri Holifield                  Charles J DeHart, III (Trustee)
PO Box 30285                             302 Addison Road                       8125 Adams Drive, Suite A
Salt Lake City, UT 84130-0285            Stroudsburg, PA 18360-7907             Hummelstown, PA 17036-8625


Tullio DeLuca                            Diversified Consultants                ECMC
381 N. 9th Avenue                        10550 Deerwood Park Blvd.              PO BOX 16408
Scranton, PA 18504-2005                  309                                    ST PAUL, MN 55116-0408
                                         Jacksonville, FL 32256-2805


Emergency Care Services of PA, PC        GM Financial                           Internal Revenue Service
P.O. Box 1123                            P.O. Box 181145                        Special Procedures Branch
Minneapolis, MN 55440-1123               Arlington, TX 76096-1145               PO Box 7346
                                                                                Philadelphia, PA 19101-7346


Laboratory Corp. of America              Law offices of Tullio DeLuca           Mercy Suburban Hospital
P.O. Box 2240                            381 N. 9th Avenue                      P.O. Box 822963
Burlington, NC 27216-2240                Scranton, PA 18504-2005                Philadelphia, PA 19182-2963


Midland Funding LLC                      NE PA Community FCU                    NE PA Community Federal Credit Union
PO Box 2011                              934 N. 9th St.                         337 Clay Ave
Warren, MI 48090-2011                    Stroudsburg, PA 18360-1208             Stroudsburg, PA 18360-1288


PA Dept. of Revenue                      PNC Bank                               PNC Bank, N.A.
Bankruptcy Division                      Consumer Loan Center                   3232 Newmark Drive
Dept. 280946                             Mailstop: P5-PCLC-02-R                 Miamisburg, OH 45342-5421
Harrisburg, PA 17128-0496                2730 Liberty Ave.
                                         Pittsburgh, PA 15222-4704


Paramount Capital Group, Inc             Pennsylvania Department of Revenue     Pocono Healthcare Mgmt.,
P.O. Box 409                             Bankruptcy Division, PO Box 280946     206 East Brown St.
Conshohocken, PA 19428-0409              Harrisburg PA 17128-0946               East Stroudsburg, PA 18301-3006


Resurgent Capital Services               Sprint                                 Transworld Systems, Inc. TSI
PO Box 10587                             P.O. Box 7993                          500 Virginia Dr., Suite 514
Greenville, SC 29603-0587                Overland Park, KS 66207-0993           Ft. Washington, PA 19034-2707
```

Case 5:18-bk-01447-RNO    Doc 32    Filed 11/08/18    Entered 11/08/18 19:41:59    Desc
Main Document    Page 14 of 16

Udren Law Offices, PC
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003-3620

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101-1722

University Of Alabama at Birmingham
P.O. Box 11407 Drawer 624
Brimingham, AL 35246-0624

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK  73124-8838

Verizon Bankruptcy Dept.
500 Technology Drive
Suite 550
Weldon Spring, MO 63304-2225

Verizon by American Infosource, LP as ag
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118-7901

James Warmbrodt
701 Market Street Suite 5000
Philadephia, PA 19106-1541


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Americredit Financial Services, Inc.
Dba GM Financial
P.O Box 183853
Arlington, TX 76096


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Cindy Sheri Holifield
302 Addison Road
Stroudsburg, PA 18360-7907

(u)PNC BANK NATIONAL   ASSOCIATION

End of Label Matrix
Mailable recipients    36
Bypassed recipients     2
Total                  38

| | | |
|---|---|---|
| AES<br>PO BOX 2461<br>Harrisburg PA 17105 | Americredit Financial Svcs.<br>PO BOX 183853<br>Arlington TX 76096 | Apex Asset Mngt.<br>1286 Carmichael Way<br>Montgomery AL 36106 |
| Capital One<br>PO BOX 30285<br>Salt Lake City UT 84130 | Charles J DeHArt III<br>8125 Adams Dr. Ste A<br>Hummelstown PA 17036 | Diversified Consultants<br>10550 Deerwood Park Blvd. 309<br>Jacksonville Fl 32256 |
| ECMC<br>PO Box 16408<br>St. Paul MN 55116 | Emergency Care Svcs. Of PA<br>PO BOX 1123<br>Minneapolis MN 55440 | GM Financial<br>PO Box 181145<br>Arlington TX 76096 |
| IRS<br>Special Procedures Branch<br>PO BOX 7346<br>Philadelphia PA 19101 | Laboratory Corp OF America<br>PO BOX 2240<br>Burlington NC 27216 | Mercy Suburban Hospital<br>PO BOX 822963<br>Philadelphia PA 19182 |
| Midland Funding LLC<br>PO BOX 2011<br>Warren MI 48090 | NEPA Community FCU<br>934 N. 9th St.<br>Stroudsburg PA 18360 | NEPA Community FCU<br>337 Clay Ave<br>Stroudsburg PA 18360 |
| Pa Dept of Rev,<br>Bk Division<br>PO Box 280946<br>Harrisburg PA 17128 | PNC Bank<br>Consumer Loan Center<br>Mailstop P5-PCLC-02-R<br>2730 Liberty Ave.<br>Pittsburgh PA 15222 | PNC Bank<br>3232 Newmark Dr.<br>Miamisburg OH 45342 |
| Paramount Capital Group INC<br>PO BOX 409<br>Conshohocken PA 19428 | Pocono Healthcare Mgmt.<br>206 East Brown St.<br>East Stroudsburg PA 18301 | Resurgent Capital Svc.<br>PO BOX 10587<br>Greenville SC 29603- |
| Sprint<br>PO BOX 7993<br>Overland Park KS 66207 | Transworld Systems INC<br>500 Virginia Dr. Ste 514<br>Ft. Washington PA 19034 | Udren Law Offices.PC<br>Woodcrest Corp. Center<br>111 Woodcrest RD. Ste 200<br>Cherry Hill NJ 08003 |
| United States Trustee<br>228 Walnut St.<br>Harrisburg PA 17101 | University of Alabama<br>PO BOX 11407 Drawer 624<br>Brimingham, AL 35246 | Verizon<br>PO BOX 248838<br>Oklahoma City OK 73124 |
| Verizon<br>500 Technology Dr.<br>Ste 550<br>Weldon Spring MO | Verizon<br>4515 N. Santa Fe Ave<br>Oklahoma City OK 73118 | James Warmbrodt<br>701 Market St Ste 5000<br>Philadelphia PA 19106 |